# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Anthony Martin,** | ) | **CASE NO. 1: 24 CV 274** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Brenda McElrath,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Anthony Martin, a prisoner in Illinois, has filed an *in forma pauperis* civil complaint in this case pursuant to 42 U.S.C. § 1983 against Brenda McElrath. (Doc. No. 1.) Plaintiff originally filed his complaint in the Central District of Illinois, and it was subsequently transferred to the Northern District of Ohio on the basis that Defendant resides here. (*See* Doc. No. 11.)

Plaintiff's complaint does not allege any specific constitutional violation or violation of federal law and does not set forth any specific request for relief. In his pleadings, he merely indicates he would like to take his sister, Defendant McElrath, to court because she has not complied with an "agreement that [they] had" regarding insurance of their late mother. (*Id.* at 5, "Statement of Claim.")

District courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to review all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief can be

granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to survive a dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under § 1915(e)(2)(B)).

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), *pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations or create claims on their behalf. *See Erwin v. Edwards*, 22 Fed. App'x 579, 2001 WL 1556573 (6th Cir. Dec. 4, 2001).

Upon review, the Court finds that Plaintiff's complaint must be dismissed. The complaint, even liberally construed, fails to state any plausible federal claim upon which the Court may grant him relief.

First, Plaintiff's complaint on its face fails to allege a plausible claim under § 1983, which requires a plaintiff to plead and prove that he was deprived of a right secured by the Constitution or laws of the United States by a person acting under color of state law. *Paige v. Coyner*, 614 F.3d 273, 275 (6th Cir. 2010); *Waters v. City of Morristown*, 242 F.3d 353, 359-60 (6th Cir.2001). Plaintiff does not allege that Defendant deprived him of a right secured by the Constitution or other law of the United States. Additionally, he does not allege facts plausibly suggesting that his sister acted under color of state law. "Section 1983 does not, as a general

rule, prohibit the conduct of private parties acting in their individual capacities." *Lindsey v. Detroit Entertainment, LLC*, 484 F.3d 824, 827 (6th Cir. 2007).

Second, although federal courts have original jurisdiction under 28 U.S.C. § 1332 over claims between parties of diverse citizenship where the amount in controversy exceeds "the sum or value of $75,000, exclusive of interest and costs" ("diversity jurisdiction"), Plaintiff does not allege any specific state-law claim over which the Court may exercise diversity jurisdiction. His complaint indicates only that he asserts federal jurisdiction on the basis of § 1983. (*See* Doc. No. 1 at 1.) Further, his pleadings fail to establish that the parties have diverse citizenship. *See, e.g., Hernandez v. U.S.*, No. 4:11-CV-2035, 2012 WL 262681, at *3 (N.D. Ohio Jan. 27, 2012) ("A prisoner may be considered to be domiciled in either the state in which he is incarcerated or in the state to which he intends to return after his sentence is served"). Nor do they demonstrate that the amount in controversy exceeds "the sum or value of $75,000, exclusive of interest and costs."

## Conclusion

Accordingly, for all of the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. 1915(a)(3).

IT IS SO ORDERED.

Dated: 4/26/24

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge